IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,  )
             )
     Plaintiff,  )
             )
v.           )      Case No. 18-2703-CM
             )
CITY OF OLATHE, KANSAS, et al.,  )
             )
     Defendants.  )

# ORDER

Defendants Johnson County, Kansas; the Board of Commissioners of the County of Johnson, Kansas; Nate Denton; Thomas Chaulk; Tamara Sparks; and Calvin Hayden (collectively, the "Johnson County defendants") and defendants City of Olathe, Kansas; Michael Butaud; Chad Mellick; Wade Lanphear; Tim Sweany; Ian Mills; Brian Wessling; Steve Menke; and Jameson Miller (collectively, the "Olathe defendants") move the court to stay discovery (ECF Nos. 39, 40) pending a ruling on the Johnson County defendants' motion to dismiss (ECF No. 37) and the Olathe defendants' motion to dismiss and/or motion for judgment on the pleadings (ECF No. 47). Plaintiff opposes the motion to stay discovery, moves the court to require production of certain documents and recordings, and asks the court for an extension to respond to all dispositive motions until thirty days after the parties' Rule 26 disclosures.[1]

---

[1] ECF No. 41.

For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants the defendants' motions to stay discovery. Plaintiff's motion for an extension of time to respond to dispositive motions is moot, as the presiding U.S. District Judge, Carlos Murguia, will resolve this issue in ruling on plaintiff's separately-filed motion for extension of time to file responses to defendants' motions to dismiss (ECF No. 42). Plaintiff's motion to produce records is deferred pending any lifting of the stay.

**I.    Background**

Plaintiff filed this case on December 19, 2018, alleging Fourth and Fourteenth Amendment violations arising from the shooting death of Ciara Howard during defendant officers' attempt to serve an arrest warrant.[2] Plaintiff brings *Monell* claims based on defendants' policies, practices, customs, and procedures, as well as failures to train and supervise.[3] Plaintiff further alleges supplemental state-law claims based on assault, battery, wrongful death, and survival.[4]

On February 6, 2019, the Johnson County defendants filed a motion to dismiss (ECF No. 37), arguing, among other defenses to the federal claims, that plaintiff fails to state a claim upon which relief may be granted, that all individual defendants are entitled to qualified immunity, and that Sheriff Hayden is entitled to complete immunity under the Eleventh Amendment as to the official-capacity claims. As to the state-law claims, the

---

[2] ECF No. 1.

[3] *Id.*

[4] *Id.*

Johnson County defendants assert state-law immunity under the discretionary-function exception in the Kansas Tort Claims Act. The same day, the Johnson County defendants filed their motion to stay discovery (ECF No. 39), stating they had asserted the defenses of official capacity and qualified immunity in the motion to dismiss, and therefore the court should stay discovery pending the court's ruling on the dispositive motion.

The Olathe defendants filed a motion to stay (ECF No. 40) on February 12, incorporating by reference the Johnson County defendants' arguments and representing that their forthcoming motion for judgment on the pleadings would assert, in part, the defense of qualified immunity. The Olathe defendants filed a motion to dismiss and/or motion for judgment on the pleadings on March 4, 2019 (ECF No. 47), asserting, among other defenses, qualified immunity.

Plaintiff opposes the motions to stay discovery (ECF No. 41), arguing that defendants have not met their burden to justify a stay and that any stay would be prejudicial to plaintiff. Specifically, plaintiff claims that defendants have refused to produce certain police reports, audiotapes, and videotapes that are necessary to resolve the dispositive motions. In his opposition, plaintiff also requests an extension to respond to dispositive motions until thirty days after the parties have exchanged Rule 26 disclosures.

## II. Analysis

<u>Standard to Stay Discovery</u>

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[5] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[6] The decision whether to stay discovery rests in the sound discretion of the court.[7]

Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in "the burdens of such pretrial matters as discovery."[8] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[9] The Supreme Court has made it clear that until the threshold question of

---

[5] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[6] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[7] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[8] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow*, 457 U.S. at 818.

immunity is resolved, discovery should not be allowed.[10] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[11]

Discovery Is Not Needed to Determine Qualified Immunity

The undersigned magistrate judge concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Murguia resolves the pending dispositive motions. As mentioned earlier, all of the individual defendants assert qualified immunity defenses in their motions to dismiss and motion for judgments on the pleadings.[12] Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.[13] Generally, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[14] In deciding a motion to dismiss, the court generally considers only the

---

[9] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

[10] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . .") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

[11] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[12] "Summary Judgment is the 'typical vehicle' for asserting a qualified immunity defense, but the Court will also review it on a motion to dismiss." *Bradley v. United States*, No. 16-1435-EFM, 2017 WL 4310224, at *3 (D. Kan. Sept. 28, 2017) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[13] *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[14] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.[15] Although the court may allow limited discovery "to allow the plaintiff to uncover only the necessary facts to decide the immunity claim,[16] generally "discovery is not necessary for the court to rule on the qualified immunity defense"[17] at the motion-to-dismiss stage.

After a careful review of the record, the undersigned has determined that additional discovery is not necessary to determine the threshold issue of qualified immunity because, at this stage, Judge Murguia will not consider evidence. Plaintiff argues that additional discovery is needed to defend against the motions to dismiss. In particular, plaintiff argues that "police reports and the audio and video tapes in defendants' possession will affect the resolution of the dispositive motions," as these items will clarify the factual record as to who was present, in what capacity they were acting, and whether certain immunities apply.[18] And to address Olathe defendants' argument that several of the defendants were incorrectly identified and were not present at the time of the incident, plaintiff contends

---

[15] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017).

[16] *Saenz v. Lovington Mun. Sch. Dist.*, No. CIV 14-1005 JB/SMV, 2015 WL 1906140, at *10 (D.N.M. Apr. 6, 2015) (quoting *Herrera v. Santa Fe Pub. Sch.,* 2012 WL 6846393, at *8).

[17] *G.D. v. Lansing Unified Sch. Dist. #469*, No. 18-2243-HLT, 2018 WL 4057494, at *2 (D. Kan. Aug. 27, 2018).

[18] ECF No. 41 at 8.

that he is entitled to the aforementioned recordings to establish which officers were, in fact, present.[19]

But allowing plaintiff to use discovery "as a fishing expedition to flesh out the merits of his claim" is "not an appropriate use of discovery in response to a qualified immunity defense."[20] In that regard, the discovery plaintiff seeks will not assist him in addressing the individual defendants' qualified immunity defenses, at least not at this stage.[21] Plaintiff may counter the qualified-immunity defense by "rest[ing] on facts as alleged in the pleadings."[22] Staying discovery in light of the qualified immunity assertions is appropriate.

That said, Judge Murguia *might* choose to convert the motions to dismiss to summary-judgment motions and allow additional discovery on certain factual issues. This order only stays discovery until Judge Murguia has the opportunity to rule on the dispositive motions. Plaintiff's contemporaneous request for an extension of time to respond to the motions will therefore be addressed when Judge Murguia rules on plaintiff's separate motion for extension of time to file responses to defendants' motions to dismiss

---

[19] *Id.* at 9.

[20] *Saenz*, 2015 WL 1906140, at *11 (citing *B.T. Davis,* 557 F.Supp.2d 1262, 1286 (D.N.M.2007)).

[21] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017).

[22] *See Bradley,* 2017 WL 4310224, at *3 ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

(see ECF No. 42). Finally, as any discovery motions are contingent upon any lifting of the stay, the court also defers ruling on plaintiff's motion to produce records until such time as the stay is lifted.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendants' motions to stay (ECF Nos. 39, 40) are granted.

2. Plaintiff's request for an extension of time to respond to dispositive motions is deemed moot in light of his substantively identical motion pending before Judge Murguia (ECF No. 42).

3. Plaintiff's request that defendants be required produce documents, videotapes, and audiotapes is deferred until the stay is lifted.

4. All pretrial proceedings in this case, including discovery and the scheduling of deadlines, are stayed until further order of the court.

5. If the dispositive motions (ECF Nos. 37 and 47) are ultimately denied in whole or in part, then counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of the dispositive motions having been decided. The court will then promptly set a scheduling conference.

Dated March 8, 2019, at Kansas City, Kansas.

s/ James P. O'Hara\_\_\_  
James P. O'Hara  
U.S. Magistrate Judge