IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD, as Special Administrator )
and Duly-Appointed Representative of the )
Estate of Ciara Howard and on Behalf of )
Ciara Howard, Deceased, and her Heirs, )
                                    )
            Plaintiff, )
                                    )
v. )
                                    )          Case No. 18-2703-CM-JPO
CITY OF OLATHE, KANSAS, et al., )
                                    )
            Defendants. )
                                    )

## **MEMORANDUM AND ORDER**

This case is before the court on several motions—all related to whether plaintiff is entitled to discovery before responding to defendants' pending dispositive motions. Magistrate Judge O'Hara stayed discovery in this case, and plaintiff asks this court to review and overturn that decision (Doc. 51). Plaintiff also filed motions for extension of time to respond to defendants' dispositive motions (Docs. 42 and 53). For the following reasons, the court overrules the objection to Judge O'Hara's order and denies both motions for extension of time. Discovery remains stayed.

The district court reviews a magistrate judge's order on non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Under this standard, the court will affirm the magistrate judge's order unless the court "is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

The court does not find that Judge O'Hara's order is clearly erroneous or contrary to law. Judge O'Hara correctly identified the standards for staying discovery. (Doc. 50, at 4.) He acknowledged that the general policy in the District of Kansas has been not to stay discovery merely because a dispositive motion has been filed. (*Id.* (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).) He also identified recognized exceptions to this rule. (*Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991); *Wolf*, 157 F.R.D. at 495).) Judge O'Hara correctly observed that various types of immunity have been raised in defendants' motions, and specifically stated that often discovery should be stayed when qualified immunity is raised—as it has been here. (*Id.*) Judge O'Hara reviewed the standards for a 12(c) motion for judgment on the pleadings and a 12(b)(6) motion to dismiss, noting that neither of them ordinarily contemplate the presentation of evidence. (*Id.* at 5–6.) He reasoned that plaintiff did not need discovery to respond to the pending motions, as plaintiff could "rest[] on facts as alleged in the pleadings." (*Id.* at 7 (quoting *Bradley v. United States*, No. 16-1435-EFM-TJJ, 2017 WL 4310224, at *3 (D. Kan. Sept. 28, 2017)).) Finally, Judge O'Hara limited the stay on discovery only until after this court has had the opportunity to rule on the dispositive motions. (*Id.*)

Plaintiff has given the court no meritorious reason to find these rulings clearly erroneous or contrary to law. Mere disagreement with a decision is insufficient to justify Rule 72(a) relief. *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003). Plaintiff acknowledges the applicable standard for review of a magistrate judge's non-dispositive order, but his arguments lean more toward asking this court to take a fresh, de novo look at the issue—which is not what this court does when reviewing a magistrate judge's non-dispositive ruling. Plaintiff also emphasizes the prejudice he believes he will suffer if not allowed discovery at this time. But Judge O'Hara considered this potential prejudice and determined that it did not justify allowing discovery now. (Doc. 50, at 6–7.) And plaintiff suggests that Judge O'Hara may have interpreted Supreme Court precedent to mean

that the assertion of qualified immunity "entitled a defendant to a stay of **all** discovery." (Doc. 51, at 10.) Judge O'Hara did not. Instead, he acknowledged that "the court may allow limited discovery 'to allow the plaintiff to uncover only the necessary facts to decide the immunity claim,'" (doc. 50, at 6 (quoting *Saenz v. Lovington Mun. Sch. Dist.*, No. CIV 14-1005 JB/SMV, 2015 WL 1906140, at *10 (D.N.M. Apr. 6, 2015)), and carefully reviewed the record to determine whether discovery was necessary to determine the qualified immunity issue, (*id.*). Judge O'Hara did not automatically accept that, because qualified immunity was asserted, no discovery must be permitted.

For the same reasons Judge O'Hara stayed discovery, the court denies plaintiff's motions for extension of time. Upon an initial review of the pending dispositive motions, it does not appear that discovery (even limited discovery) is necessary to adequately respond to defendants' motions. Once the motions are fully briefed, if the court believes that evidence is necessary to decide the motions, it can either deny the motions outright, defer ruling to allow limited discovery, or give the parties notice that it is converting them to summary judgment motions and allow limited discovery and the submission of evidence. At this time, however, the court believes that briefing on the pending dispositive motions should resume, and the court denies the motions for extension of time.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Review Magistrate Judge's Order (Doc. 51) is denied. Plaintiff's objection to the order is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss on Pleadings Doc. 37 (Doc. 42) is denied. Plaintiff shall respond to Doc. 37 within ten days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Respond to the City of Olathe Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. 53) is denied. Plaintiff shall respond to Doc. 47 within ten days of the date of this order.

Dated this 10th day of June, 2019, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**