IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| MARK ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 18-2703-CM |
| vs. | ) |
| | ) |
| CITY OF OLATHE, KANSAS, et al, | ) |
| | ) |
| Defendants. | ) |

## AGREED LIMITED PROTECTIVE ORDER

The Parties assert that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action and that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action.

Defendants assert in support of this request that protection of the identified categories of confidential information is necessary because they anticipate producing documents pertaining to the criminal investigation of the event giving rise to this action; personnel files of parties and non-parties; audio and video recording from the event. This Protective Order is made and entered into by the agreement of all parties.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the Defendant's request and hereby enters the following Protective Order:

**1.     Scope.** As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as documents and recordings that the producing party designates in good faith have been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: The contents of the Defendants' criminal investigation files, including videos and audio recordings, from the events that form the basis for this action together with the personnel records of any law enforcement officer produced during discovery. Information or documents and things that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that

indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 10 days after discovery of the inadvertent failure.

5. **Protection of Confidential Material.**

    **(a)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

        (1) The parties to this litigation, including any employees, agents, and representatives of the parties;[1]

        (2) Counsel for the parties and employees and agents of counsel;

        (3) The court and court personnel, including any special master appointed by the court, and members of the jury;

---

[1] If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection, (e.g., Attorneys' Eyes Only) that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(8) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(9) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

*Nothing in this order shall restrict the use of "Confidential Information" by counsel in the preparation of this case except as specifically set forth in this Order. Nothing in this Order shall restrict the use of "Confidential Information" at mediation, settlement conference or at trial. Deposition transcripts, expert reports, and attorney work product summarizing or referring to "Confidential" Information are specifically excluded from designation as "Confidential" information. However, the parties agree that:*

   a. *Confidential materials marked as deposition exhibits will be protected under the terms of this Order.*

   b. *Prior to the disclosure of any "Confidential Information" at a deposition in this action, counsel for any party may request that the deponent or his or her counsel (if such individual is not a party, agent for a party, or counsel representing a party to this action and already subject to the terms of this Protective Order) read this Protective Order and agree to bound by it, and acknowledge that any disclosure in violation of this Protective Order may constitute a breach of this Order, subjecting the person who violates the terms of this Order to such penalties or other relief as deemed appropriate by the Court.*

*Nothing in this Order shall be constructed to restrict the use or disclosure of any documents or information which a party or nonparty shall have acquired from independent sources.*

*This Order does not bar the defendants from making a motion in limine that information contained therein should be barred from use at trial. However, defendants acknowledge that this Order is being entered into by the agreement of Plaintiff at the request of the Defendants for the purpose of facilitating discovery and protecting information during the discovery and dispositive motion phases of this case, which Defendants contend in good faith is sensitive, private information of named parties to this action. Defendants agree that they will in no way use this Order to prevent the parties from obtaining information in discovery or from obtaining or using evidence necessary to the fair and just determination of this case. Documents and recordings subject to this Protective Order which are admitted into evidence at the trial of this matter will no longer be designated as "Confidential Information" subject to the terms of this Order.*

**(b)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**6.** **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**7.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any

document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

8. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

9. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.


**IT IS SO ORDERED.**

Dated: September 26, 2019

s/ James P. O'Hara<br>
U.S. Magistrate Judge

Respectfully submitted and approved by,


**FISHER, PATTERSON, SAYLER & SMITH, L.L.P.**


/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS  66210
(913) 339-6757 / Fax : (913) 339-6187
mseck@fisherpatterson.com
**ATTORNEYS FOR DEFENDANT
CITY OF OLATHE, KANSAS**

And

**BAUTISTA LEROY LLC**

/s/ Andrew S. LeRoy\_\_
Andrew S. LeRoy, #25209
Jose M. Bautista, #78500
BAUTISTA LEROY, LLC
3770 Broadway Blvd.
Kansas City, MO 64111
(816) 221-0382 P
(816) 816-7060 F
andrew@bautistaleroy.com
jose@bautistaleroy.com
**ATTORNEYS FOR PLAINTIFF**

And

**FERREE, BUN & RIDGWAY, CHTD.**

/s/ Kirk T. Ridgway
Alex S. Gilmore
Kirk T. Ridgway
Ferree, Bunn, Rundberg & Ridgway
9393 W. 110th Street
Suite 200
Overland Park, KS 66210
(913) 381-8180 F: (913) 381-8836
agilmore@fbr2law.com
kridgway@fbr2law.com
**ATTORNEYS FOR DEFENDANTS JOHNSON COUNTY, KANSAS**