UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

    Plaintiff,

v.                                          Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

    Defendants.

## **ORDER**

Plaintiff has filed a motion to amend his complaint to substitute Deputy Sheriff Clinton Peterson for defendant Deputy Sheriff Nate Denton (ECF No. 99). Defendants oppose the motion, arguing the proposed amendment does not relate back under Fed. R. Civ. P. 15(c) (ECF Nos. 107, 123). For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants plaintiff's motion.

<u>Background</u>

Plaintiff filed his initial complaint on December 19, 2018 (ECF No. 1), alleging defendants are liable for their involvement in the shooting death of Ciara Howard on August 23, 2017. The named defendants include the City of Olathe, Kansas and Johnson County, Kansas, along with numerous police officers, and, relevant to the issues here, defendant Denton, a deputy with Johnson County defendants.[1]

---

[1] ECF No. 1.

The scheduling order provided that the deadline to file any motions for leave to join additional parties or amend the pleadings was December 13, 2019.[2] On September 11, 2019, the presiding U.S. District Judge, Carlos Murguia, entered an order (ECF No. 68) granting in part and denying in part defendants' motions to dismiss and motion for judgment on the pleadings (ECF Nos. 37, 47). That order dismissed all claims against Johnson County and the Johnson County Board of Commissioners. But other claims, including claims against defendant Denton, remained in the case.

Plaintiff timely filed the instant motion on December 12, 2019, asking the court to substitute Deputy Sheriff Peterson for Deputy Sheriff Denton. In his original motion, plaintiff failed to include a proposed amended complaint. Plaintiff, though, filed a second motion for leave to file an amended complaint, along with a proposed amended complaint, on December 30, 2019 (ECF No. 113). The court ruled on that motion and allowed the proposed amended complaint to be construed as part of the filing of the original motion,[3] so defendants' argument that plaintiff failed to comply with D. Kan. R. 15(a)(2) is rendered moot. Notably, the proposed amended complaint only substitutes Peterson's name for Denton's and does not add or change facts or claims specific to Peterson; the pleading is identical but for the name used. Although the City Defendants oppose the motion to

---

[2] ECF No. 71.

[3] ECF No. 114.

amend, arguing that much of the complaint has already been dismissed,[4] other claims remain against defendants.

Standing

As an initial matter, plaintiff argues that neither the Johnson County Defendants, nor prospective defendant Peterson, have standing to object to the motion.[5] Plaintiff cites a District of Kansas case, *Silva v. Ekis*, in which Judge Sebelius held the defendant lacked standing to assert a futility argument on behalf of the proposed defendants.[6] The law in this district seems well-settled that current parties unaffected by a proposed amendment lack standing to assert arguments of futility on behalf of proposed defendants.[7] Rather, "a current party may only challenge a proposed amendment directed at other parties to the extent that the party opposing the amendment is affected – for example through undue delay or undue prejudice."[8]

Plaintiff argues defendants "would be hard pressed to allege undue delay or prejudice where the case is in the beginning stages of discovery,"[9] particularly when discovery has been stayed at defendants' request. Defendants contend those cases are

---

[4] ECF No. 123 at 1.

[5] ECF No. 101-1 at 10.

[6] *Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, at *1 (D. Kan. Nov. 14, 2017).

[7] *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, No. 6:16-CV-01343-JTM, 2017 WL 1836974, at *2–3 (D. Kan. May 8, 2017).

[8] *Silva*, 2017 WL 5465531, at *1.

[9] ECF No. 101-1 at 9.

unpublished and therefore not controlling, and they cite other courts that have rejected that argument.[10] The court agrees with plaintiff that undue delay does not affect defendants, given the status of the case.

But the court is not persuaded that defendants are unaffected. The current defendants are likely to incur additional expenses, including depositions and additional discovery, with the addition of Peterson. Counsel for the current Johnson County defendants represents Peterson. The current defendants have a close legal relationship with Peterson. All of these factors support defendants' argument that they are affected, and possibly prejudiced, by a proposed amendment. The court, therefore, will allow defendants to argue the futility of adding Peterson as a defendant and will address the merits of their argument.

Relation Back

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely-filed original pleading. The purpose of the relation-back doctrine is to balance the defendants' interests and protections by the statute of limitations with the preference expressed in the Federal Rules to resolve dispute on their

---

[10] *Equal Employment Opportunity Comm'n v. Roark-Whitten Hosp. 2 LP*, No. 14-CV-884 MCA/LF, 2017 WL 4233017, at *6 (D.N.M. Sept. 21, 2017) (citing *Foster v. Cerro Gordo Cnty.*, 33 F. Supp. 3d 1052, 1056-57 (2014 N.D. Iowa) (addressing futility arguments in spite of contrary authority)); *Speedsportz, LLC v. Menzel Motor Sports, Inc.*, 2008 WL 4632726 *1 (N.D. Okla. Oct. 17, 2008) ("[O]bjections to motions to add parties, which are necessarily filed only by existing parties, are routinely addressed by courts without discussion of standing or ripeness doctrines.").

4

O:\ORDERS\18-2703-CM-99.DOCX

merits.[11] Specifically, the court is mindful that "while a prospective defendant who legitimately believed the limitations period had passed may have a strong interest in repose, such repose would be a 'windfall' for one who understood, or should have understood, that he or she escaped suit only because the plaintiff was mistaken about a crucial fact about his or her identity."[12]

When the amendment changes the party or the naming of the party against whom a claim is asserted, Rule 15(c)(1)(C) provides that the amendment relates back to the date of the original pleading if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[13]

Rule 15(c)(1)(B) requires the amendment to assert a claim or defense that arose "out of the conduct, transaction, or occurrence set out – or attempted to set out – in the original pleading."[14] Defendants concede, "for the purposes of their response, that the claims against Peterson arise out of the same transaction or occurrence as set forth in the original

---

[11] *Price v. City of Wichita*, No. 12-1432-CM-DJW, 2014 WL 289453, at *4 (D. Kan. Jan. 27, 2014) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010)).

[12] *Id.*

[13] Fed. R. Civ. P. 15(c)(1)(C).

[14] Fed. R. Civ. P. 15(c).

5

complaint."[15] The court turns to the remaining elements required for relation back under Rule 15(c)(1)(C).

Notice

Within the time period provided by Rule 4(m) for serving the summons and complaint, the newly-named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits."[16] The time period for service of summons and the complaint under Rule 4(m) is 90 days.[17] Under Rule 15(c)(1)(C)(i), notice may be actual or constructive.[18] The court may look to deposition testimony, emails, affidavits, and similar information to assess whether a proposed party is on notice.[19]

To show actual notice, plaintiff must demonstrate Peterson received notice of plaintiff's complaint within 90 days. Plaintiff does not argue Peterson had actual notice, and nothing in the record shows he received actual notice of this suit. Instead, plaintiff argues Peterson had constructive notice, specifically notice through either the "shared attorney" or "identity of interest" methods.

First, plaintiff argues the "shared attorney" method shows notice to Peterson. The "shared attorney" theory is based on shared counsel between the parties. Because the

---

[15] ECF No. 107 at 6.

[16] Fed. R. Civ. P. 15(c)(1)(C)(i).

[17] Fed. R. Civ. P. 4(m).

[18] *Silva*, 2017 WL 5465531, at *2.

[19] *Id.*

6

attorney is likely to have communicated to the latter party that he may be joined in the action, courts allow notice to be imputed to the new party.[20] Although defense counsel acknowledge they represent Peterson now, plaintiff has failed to come forward with evidence of shared representation or communication between defense counsel and Peterson during the relevant time period. Plaintiff attaches as evidence an e-mail confirming representation in November 2019,[21] well after the 90-day window contemplated by Rule 4(m). Without further evidence, notice cannot be imputed through this method.

Second, plaintiff relies on the "identity of interest" method to prove notice. Often, courts employ the "identity of interest" theory in an EEOC context, where Tenth Circuit courts use a four-factor test to determine whether an identity of interest exists.[22] Because the facts here do not involve an EEOC proceeding, the court declines to apply the test here. Rather, the court looks to whether the parties "are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[23] Showing an identity of interest allows the court to

---

[20] *George on Behalf of Estate of Bradshaw v. Beaver Cty. by & Through Beaver Cty. Bd. of Commissioners*, No. 2:16-CV-1076 TS, 2019 WL 181354, at *4 (D. Utah Jan. 11, 2019).

[21] ECF No. 99-2 at 1.

[22] *See, e.g., Wheat v. Am. Cmty. Newspapers, Inc.*, No. 04-2522-JWL, 2005 WL 3503677, at *4 (D. Kan. Dec. 22, 2005).

[23] *Greenhorn v. Marriott Int'l, Inc.*, 258 F. Supp. 2d 1249, 1259–60 (D. Kan. 2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1498 at 127–29 (2d ed.1990)). When the parties are corporations, the court looks to similar officers, directors, or shareholders or business conducted from the same office. *Id.*

7

fairly presume the filing of a lawsuit against one party provided notice to the other party and the relation back will not prejudice the new defendant.[24] The court may then impute notice to the proposed defendant.[25]

The District of Utah recently addressed this issue in *George v. Beaver County*, where the plaintiff brought a lawsuit against a jail and its various employees in a civil lawsuit after an inmate committed suicide while incarcerated.[26] The plaintiff moved to add, as a new defendant, the corporal at the jail. The court found the corporal was on notice because of several factors: he held the same supervisory position as other defendants, he continued to hold that position through the pendency of the lawsuit, and he was allegedly involved in the actions that led to the decedent's death. For those reasons, the court held "it was reasonable to assume [he] was notified or knew of the existence of this suit within the relevant time period."[27]

In contrast to situations where the new party has totally different facts related to the

---

[24] *In re Brooke Corp.*, No. 08-22786, 2011 WL 2441467, at *5 (Bankr. D. Kan. June 14, 2011); *Garcia v. Bd. of Cty. Commissioners of Cty. of Bernalillo*, No. 09-CV-322 BB/WDS, 2010 WL 11618983, at *4 (D.N.M. Nov. 30, 2010).

[25] *Garcia*, 2010 WL 11618983, at *4.

[26] *George*, 2019 WL 181354, at *5.

[27] *Id.* at *5 (D. Utah Jan. 11, 2019). The court compared it to a case from the First Circuit, where a prison guard shared an identity of interest with the originally-named defendants due to his presence during the alleged assault at issue and his continued employment in the prison. *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8 (1st Cir. 1990). This was in contrast to a case where a psychologist was found not to have sufficient identity of interest because of his lower-level position and his involvement in the alleged facts. *See Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001).

claim or is a complete stranger to the lawsuit,[28] here the proposed new party is essential to the facts of the lawsuit. As a deputy in the Johnson County Sheriff's Office, Peterson was and is in a position of authority, rather than a low-level employee unlikely to have much knowledge about the organization. The record shows Peterson was interviewed by the Overland Park Police Department on August 28, 2017, "regarding his involvement in this incident."[29] During that interview, he was told "if he wanted to speak to his attorney at any time to let [detectives] know."[30] Indeed, the report indicates not only was he at the scene of the shooting, he was an actual shooter of Ms. Howard.[31]

Defendants contend the interest between Denton and Peterson has not been shown because "there is no evidence or suggestion the two officers even worked in the same division or the same building . . . [or] even knew each other."[32] But that argument misstates the standard. Peterson's interest is the same as the other defendants, as established by his alleged involvement in the shooting and the investigation thereafter. As plaintiffs state, "there were only a small number of persons involved in the actual shooting of Ms. Howard in her laundry room on August 23, 2017, and Clinton Peterson knew he was one of them,

---

[28] *Plummer v. Farmers Grp., Inc.*, 388 F. Supp. 2d 1310, 1316 (E.D. Okla. 2005) (comparing the similarities to the "numerous differences" among the proposed plaintiffs and finding they were not closely related for the purpose of implied notice).

[29] ECF No. 99-4 at 125.

[30] *Id.*

[31] *Id.* at 139.

[32] ECF No. 107 at 11.

9

while Nate Denton knew he was not."[33] As he is presumably still employed by Johnson County, and has been since the filing of this lawsuit, it is reasonable to assume he had timely notice of this lawsuit or that plaintiff may be able to develop a record that would demonstrate he had notice, should Peterson later file a motion to dismiss.[34] There is sufficient identity of interest with the previously-named defendants to allow imputed notice.

Moreover, this case is still in the relatively early stages – as plaintiff points out, defendants requested and received a stay on discovery during the pendency of their motion to dismiss. Discovery is not scheduled to close until May 29, 2020.[35] The court finds any delay or prejudice insufficient to deny plaintiff's motion.

Mistake

Next, the court looks to whether the proposed defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[36] A mistake under these circumstances is "an error, misconception, or misunderstanding; an erroneous belief."[37] The replacement of an unknown or "John Doe" defendant with a named party is not a mistake because such

---

[33] ECF No. 124 at 11.

[34] *Silva*, 2017 WL 5465531, at *2.

[35] ECF No. 71.

[36] Fed. R. Civ. P. 15.

[37] *George*, 2019 WL 181354, at *6.

amendments constitute a substitution of a party rather than the correction of a misnomer.[38] A lack of knowledge as to the intended defendant's identity is not a mistake.[39] Similarly, a tactical choice to sue one party instead of another, while fully understanding the factual and legal differences between them, is not a mistake.[40]

The Supreme Court clarified in *Krupski v. Costa Crociere S. p. A.* that when Rule 15 is invoked to save the untimely addition of a new party, the relation-back analysis focuses on "what the *party to be added* knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."[41] Information in the plaintiff's possession may be relevant if it bears on the defendant's understanding whether the plaintiff made a mistake.[42] In *Krupski*, the Supreme Court noted the proposed defendant Costa Crociere, a cruise line company, should have suspected the plaintiff made a mistake where "Costa Cruise [was] named in a complaint that actually described Costa Crociere's activities."[43]

Here, as in *Krupski*, the party that should have been named should have suspected plaintiff made a mistake when Denton was named in a complaint that actually described

---

[38] *Lewis v. Wheeles*, No. 08-4025-JAR, 2008 WL 2944903, at *2 (D. Kan. July 28, 2008).

[39] *Id.*

[40] *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2017 WL 2971967, at *4 (D. Kan. July 12, 2017).

[41] 560 U.S. 538, 541 (2010) (emphasis added).

[42] *Id.* at 548.

[43] *Id.* at 556.

11

Peterson's activities. Plaintiff intended to name as defendants the officers who were present at the shooting. Plaintiff didn't receive an unredacted copy of the incident/investigation report on the shooting until October 24, 2019, as part of the Johnson County Defendants' Rule 26 disclosures.[44] That is when plaintiff "first learned that he mistakenly named Deputy Nate Denton instead of the actual tortfeasor and third shooter, Deputy Clinton Peterson."[45] Plaintiff's counsel sent defense counsel a letter to that effect on November 21, 2019, asking defense counsel if they objected to the substitution.[46]

Defendants argue there was no mistake and plaintiff named a John Doe because he did not know the true identity of the defendant. But the court finds plaintiff's counsel was mistaken as to the correct defendant. Defendants have not offered any evidence suggesting plaintiff's counsel knew about Peterson and made a tactical decision not to name him as a defendant when plaintiff initially filed his complaint. Rather, it seems clear plaintiff sought to assert a claim against the individuals present and responsible for the shooting death of Ms. Howard. Plaintiff, using his access to the publicly-available knowledge at the time, "had a good-faith belief that Nate Denton was one of the deputies involved."[47] But plaintiff "has no interest in suing a party who has nothing to do with the incident."[48] Once

---

[44] ECF No. 99 at 2.

[45] ECF No. 101-1 at 2-3.

[46] ECF No. 99-3.

[47] ECF No. 123 at 14.

[48] *Id.*

plaintiff learned through discovery that Denton was not present at the time of the shooting, plaintiff filed this motion to correct his mistake.

In this case, Peterson reasonably should've known about plaintiff's lawsuit by virtue of his presence at the 2017 shooting. According to the incident/investigation report, Peterson was one of the shooters.[49] His name is mentioned repeatedly as an officer involved with the victim's body; his body camera and gun were taken.[50] He therefore should have known, but for plaintiff's mistake or misunderstanding, the wrongful death action would have been initiated against him.

Notably, defendants did not correct the record at any time before plaintiff's counsel sent the letter to them asking to substitute Peterson. Other defendants provided affidavits to assert they were not present on the scene and asked to be dismissed on those grounds;[51] Denton's motion to dismiss, in contrast, was based on an argument he had probable cause and legal privilege to use lethal force.[52] Based on that record, the court's order granting the motions to dismiss in part continued to use Denton's name.[53] The court agrees with plaintiff it was reasonable to continue to believe Denton was correctly named as a defendant, particularly as defendants did nothing to correct the record affirmatively.

---

[49] ECF No. 99-4 at 139.

[50] *See, e.g.*, *id.* at 46, 48, 125-26.

[51] ECF No. 101 at 17; *see* ECF No. 48.

[52] ECF No. 101 at 17; *see* ECF No. 38.

[53] ECF No. 68.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend (ECF No. 99) is granted. Plaintiff shall file his proposed amended complaint, revised to reflect the above-referenced substitution of Clinton Peterson for Nate Denton, by January 15, 2020. Plaintiff shall serve summons and the amended complaint upon the newly-added defendant within 30 days of the date the first amended complaint is filed.

IT IS FURTHER ORDERED that, in light of this order, the court will conduct a telephonic status conference on January 27, 2020, at 10:00 a.m. to discuss adjustments to the scheduling order. All parties and counsel participating in this phone conference are directed to dial the conference center line 888-363-4749, using access code 8914911 to join the conference. Counsel must confer and submit their proposed amended scheduling order (noting any disagreements therein) to the chambers of the undersigned judge by January 23, 2020.

IT IS SO ORDERED.

Dated January 13, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge