UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

    Plaintiff,

    v.                                                             Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

    Defendants.

## ORDER

Defendants City of Olathe and individual Olathe police officers ("the Olathe Defendants") have filed a motion (ECF No. 92) seeking to compel supplementary discovery responses from the plaintiff, Mark Arnold. Plaintiff opposes the motion to compel, arguing he has provided complete answers to the discovery.[1] For the reasons discussed below, the court grants the motion.

Background

Plaintiff, acting as special administrator of the estate of decedent Ciara Howard, has brought 42 U.S.C. § 1983 excessive force claims and state law tort claims for assault/battery and survival/wrongful death against the officer defendants for their involvement in the 2017 shooting death of Ms. Howard. The Olathe Defendants served contention interrogatories on September 30, 2019, seeking the material facts supporting plaintiff's claims, the source of those facts, and identification of documents supporting

---

[1] ECF No. 116.

those facts.[2] For ease of reference, the court reproduces the four interrogatories at issue here.

> Interrogatory No. 1:
>
>> With regard to Count I of your Complaint, identify the material facts upon which you rely in support of your claim that, as to each Olathe Defendant, excessive force was used in violation of Ciara Howard's constitutional rights. With regard to each individual, state the following:
>
>> (a) The identity of each individual known to you who can testify about those facts.
>> (b) Those documents or things supporting each material fact.
>
> Interrogatory No. 2:
>
>> With regard to Count II of your Complaint, identify with specificity each policy, practice, custom, or procedure of the Olathe Police Department that you claim operated to deprive Ciara Howard of her constitutional rights. With regard to each, state the following:
>
>> (a) The material facts known to you supporting the claim.
>> (b) The identity of each individual known who can testify about those facts.
>
> Interrogatory No. 3:
>
>> With regard to your allegation in Count II regarding the City's failure to properly train and supervise its officers, state the material facts upon which you rely with regard to both allegations and in doing so, state:
>
>> (a) The material facts known to you supporting your claim.
>> (b) The identity of each individual known who can testify about those facts.

---

[2] ECF No. 72.

Interrogatory No. 4:

> With regard to your allegations in Count IV of your Complaint concerning the assault and battery of Ciara Howard by the remaining Olathe Individual Defendants, state the material facts as to each that you claim gives rise to her assault and battery. In doing so state:
>
> (a) The material facts known to you supporting your claim.
> (b) The identity of each individual known who can testify about those facts.[3]

Plaintiff served his answers by mail on October 30, 2019.[4] His initial response was four identical objections that the interrogatories are overbroad, unduly burdensome, premature, and invade the work-product doctrine. Collectively, plaintiff objected that the interrogatories "broadly seek 'each and every fact' supporting a claim and/or do so with multiple subparts," and do so "at the beginning of the case, before plaintiff has had the opportunity to conduct meaningful discovery and develop his case."[5]

The parties discussed their discovery disputes and plaintiff, presumably conceding that his objections were frivolous, supplemented his answers (though did not verify them) on November 26, 2019.[6] Defendants filed the instant motion on December 5, 2019, alleging the supplemental responses were still deficient.[7] In his response to the motion to

---

[3] ECF No. 92-1.

[4] *Id.*

[5] *Id.*

[6] ECF No. 92-4.

[7] ECF No. 92 at 2.

compel, plaintiff did not reassert any of his objections.[8] Because plaintiff did not reassert any objections, the court deems them abandoned.[9] Plaintiff's sole response to defendants' motion is that he "provided full and complete answers as requested," by serving second supplemental answers on December 30, 2019,[10] and believes the motion is moot. In their reply, defendants argue the second supplemental answers are still deficient.[11]

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion, as required by D. Kan. 37.2. A review of the briefing and attached exhibits indicates counsel communicated via email and telephone multiple times to attempt to resolve their discovery disputes.[12] As such, the court is satisfied counsel have adequately conferred.

Analysis

Rule 26(b) of the Federal Rules of Civil Procedure states that the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."[13] The proportionality standard moved

---

[8] ECF No. 116.

[9] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) ("When ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel.").

[10] ECF No. 111.

[11] ECF No. 122.

[12] ECF No. 92.

[13] Fed. R. Civ. P. 26(b)(1). The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access

to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[14] Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'"[15]  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[16] With this standard in mind, the court turns to the discovery requests at issue in plaintiff's motion.

Scope of Interrogatories

The court finds defendant's interrogatories are reasonable and proportional to the needs of the case. The interrogatories seek information supporting plaintiff's central claims. Although courts generally find interrogatories seeking a narrative account of a party's case objectionable, interrogatories may properly ask for the principal or material

---

to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

[14] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[15] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[16] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

5

O:\ORDERS\18-2703-CM-92.DOCX

facts supporting an allegation of defense.[17] Interrogatories, even those that ask for "each and every" fact, are not unduly burdensome or overly broad if they are narrow in scope and do not seek every conceivable detail and fact concerning the entire case.[18]

Although the court notes initial disclosures pursuant to Fed. R. Civ. P. 26(a) should hopefully reduce the need for redundant interrogatories about the same subject matter, the court also recognizes that the disclosures may not indicate whether particular people or information support specific contentions.[19] That is the case here. The interrogatories seek discoverable information and are narrowly tailored so as not to be unduly burdensome.

<u>Plaintiff's Answers</u>

Each of the four interrogatories seeks material facts supporting one of plaintiff's claims, as well as the identity of each individual who can testify about those facts. Plaintiff's second supplemental answers provide a list of individuals in response to that portion of each interrogatory. The court finds plaintiff has sufficiently supplemented that

---

[17] *Brown*, 2018 WL 263238, at *5; *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007); *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03–2470–CM–DJW, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005).

[18] *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 2192860, at *2 (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619 (D. Kan. 2005) (finding an interrogatory asking for each and every element of a product's design the plaintiffs contended was defective, asking the plaintiffs to identify how it was defective, and asking the manner in which their injuries were caused by each alleged defect to be sufficiently narrow).

[19] See, e.g., *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 503 (D. Kan. 2006) (finding, although interrogatories appeared to seek information provided in initial disclosures, the information in the disclosures did not indicate specific information to answer the questions asked in the interrogatories).

portion of the interrogatories.

But plaintiff's answers conspicuously do not set forth the material facts supporting his claims. In all four supplemental responses, plaintiff initially cited "Kansas City Star videos 001-007" to support his claims.[20] The second supplemental answers expand somewhat, citing time-stamped clips from what plaintiff refers to as the "KC Star Full Video" and "KC Compilation Video," while providing some narrative exposition about the clips.[21]

These supplemental answers are deficient. As defendants assert, the recitation of sound bites from a video (one which, the court notes, plaintiff has not produced)[22] does not identify with specificity any policy, practice, custom, or procedure of the Olathe Police Department, as requested in Interrogatory No. 2. Likewise, the recitation of particular sound bites from a video does not state facts regarding the City's failure to properly train and supervise its officers, as requested in Interrogatory No. 3. The second supplemental answers for Interrogatory Nos. 1 and 4 arguably are more responsive, but they still fail to offer context or meaningfully explain how these clips support the facts plaintiff alleges. Rather, they appear more like shorthand notes than responsive interrogatory answers.

For Interrogatory Nos. 1 and 2, plaintiff also cites in his first supplemental answers "additional documents produced by Defendants in City 00001 through 02828 which

---

[20] ECF No. 92-4.

[21] ECF No. 122-1.

[22] ECF No. 122 at 2.

support these claims."[23] Plaintiff, however, fails to cite specific sources beyond this general reference, claiming he "is still trying to fully access and view these documents."[24] Given that nearly six weeks have passed since plaintiff served these supplemental responses, plaintiff should be able to supplement his responses now.

The court, supporting the approach to "bring this cat and mouse game to a screeching halt,"[25] requires plaintiff to answer the interrogatories in full. That includes producing the videos he cites in his responses, answering the interrogatories in complete sentences, and producing all responsive documents supporting each material fact.

Sanctions

Defendants ask the court to impose sanctions on plaintiff. Under Rule 37(a)(5)(A), the award of fees and expenses is mandatory, unless certain exceptions apply. Nothing in the record suggests monetary sanctions are unjust under these circumstances. Plaintiff's counsel is directed to confer with defense counsel in an attempt to agree on an appropriate fee award. If such an agreement can be reached, then the parties shall jointly file a notice confirming for the court that's the case; otherwise, plaintiff's counsel has until **January 30, 2020** to show cause why monetary sanctions should not be imposed. By the same

---

[23] ECF No. 92-4.

[24] *Id.*

[25] *Pepsi-Cola Bottling Co. of Pittsburg v. Bottling Grp., L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *1–2 (D. Kan. Jan. 28, 2008) (requiring the defendant to answer an interrogatory to "[p]rovide the specific factual basis, including identifying any relevant documents or witnesses, for each and every affirmative defense you have alleged," as well as a corresponding request for production of documents, but limiting the scope as to the "material or principal facts" to support its defenses).
8

deadline, defendants shall file a fee affidavit with supporting detailed time sheets.  Plaintiff then has until **February 3, 2020** to file anything challenging those fee claims.

    IT IS THEREFORE ORDERED that defendants' motion is granted.  By **January 30, 2020,** plaintiff shall supplement his answers to Interrogatories 1, 2, 3, and 4.

    IT IS SO ORDERED.

    Dated January 16, 2020, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
