UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

    Plaintiff,

v.                                  Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

    Defendants.

## ORDER

Defendant Calvin Hayden has filed a motion (ECF No. 97) seeking to compel supplemental discovery responses from the plaintiff, Mark Arnold. Plaintiff opposes the motion to compel, arguing he has provided complete answers to the discovery.[1] For the reasons discussed below, the court grants the motion.

Background

Plaintiff, acting as special administrator of the estate of decedent Ciara Howard, has brought 42 U.S.C. § 1983 excessive force claims and state law tort claims for assault/battery and survival/wrongful death against the officer defendants for their involvement in the 2017 shooting death of Ms. Howard. Defendant served interrogatories on October 7, 2019, eight of which are contention interrogatories seeking "with particularity each fact" supporting plaintiff's claims, the source of those facts, and

---

[1] ECF No. 115.

identification of documents supporting those facts.[2] For ease of reference, the court reproduces the eight interrogatories at issue here.[3] In each interrogatory, defendant asked for "(a) the identity of each individual who can testify to those facts" and "(b) those documents or things supporting each material fact."[4]

    Interrogatory No. 8:

> State with particularity each fact known to you and upon which you rely in support of your allegations that Deputy Nate Denton was present at 112 S. Keeler St., Olathe, Johnson County, Kansas on August 23, 2017, entered the residence, entered the laundry room, and shot and killed Ms. Howard.

    Interrogatory No. 9:

> State with particularity each material fact known to you and upon which you rely in support of your allegations contained in Count I of your Complaint that Defendant Chaulk and Defendant Denton used excessive force against Ciara Howard in violation of Ms. Howard's constitutional rights.

    Interrogatory No. 10:

> State with particularity each fact known to you and upon which you rely in support of your allegations that Defendant Chaulk entered the residence and entered the laundry room where Ms. Howard had barricaded herself.

---

[2] ECF No. 97-1. Defendant also served another 13 interrogatories, to which plaintiff objected to six, and 20 requests for production, to which plaintiff objected to 16. The parties appear to have resolved the discovery disputes related to these interrogatories and requests for production, and they are not at issue in this motion. *See* ECF No. 97 at 2.

[3] *Id.* For each interrogatory, defendant included language stating, "Do not answer this Interrogatory by stating that this information will be provided in the future, after discovery. Defendants desire to know what the factual basis for your allegations in your Complaint which are relied upon to comply with F.R.C.P. 11."

[4] *Id.*

Interrogatory No. 11:

> State with particularity each fact known to you and upon which you rely in support of your allegations contained in Count IV of your Complaint that Defendants Chaulk and Denton assaulted and battered Ms. Howard.

Interrogatory No. 12:

> State with particularity each fact known to you and upon which you rely in support of your allegations contained in Count V of your Complaint that Defendants Chaulk, Denton, Sparks or Hayden breached a duty of care to Ms. Howard.

Interrogatory No. 15:

> State with particularity each fact known to you and upon which you rely in support of your allegations in Count I, Paragraph 48, that Deputy Denton and Sergeant Chaulk's actions were reckless, wanton and malicious.

Interrogatory No. 16:

> State with particularity each fact known to you and upon which you rely in support of your allegations in Count IV, Paragraph 72, that Deputy Denton and Sergeant Chaulk's actions were wanton, or done with malice or reckless disregard for Ciara Howard's rights.

Interrogatory No. 17:

> State with particularity each fact known to you and upon which you rely in support of your allegations in Paragraph 81, that the actions of Sheriff Hayden, Deputy Denton, Sergeant Sparks and Sergeant Chaulk's actions were "reckless, wanton, malicious and/or cruel" justifying an award of punitive damages. [5]

---

[5] *Id.*

Plaintiff served his answers by mail on November 6, 2019.[6] His initial response to the contention interrogatories was one objection, repeated for all eight interrogatories, that the interrogatories are overbroad, unduly burdensome, premature, duplicative of initial disclosures, and invade the work-product doctrine.[7] Plaintiff's objection included language conceding "an interrogatory may reasonably ask for the material or principal facts which support a contention," but maintaining an interrogatory that requires "each and every" fact is overly broad and unduly burdensome.[8]

On November 20, 2019, defendant sent plaintiff a golden-rule letter addressing each objection and modifying the contention interrogatories to "request material or principal facts, rather than each fact."[9] The parties discussed their discovery disputes and plaintiff, presumably conceding that his objections were frivolous, supplemented his answers on December 6, 2019.[10] Defendant filed the instant motion on December 11, 2019, alleging the supplemental responses were still deficient.[11] The docket reflects plaintiff served his second supplemental answers that day.[12]

---

[6] ECF No. 85.

[7] ECF No. 97-1.

[8] *Id.*

[9] ECF No. 97-3.

[10] ECF No. 94.

[11] ECF No. 97.

[12] ECF No. 98.

4

O:\ORDERS\18-2703-CM-97.DOCX

In his response to the motion to compel, plaintiff did not reassert any of his objections.[13] Because plaintiff did not reassert any objections, the court deems them abandoned.[14] Plaintiff's sole response to defendant's motion is that he "provided full and complete answers as requested," by serving third supplemental answers on December 30, 2019,[15] and believes the motion is moot. In his reply, defendant argues the third supplemental answers are still deficient.[16]

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion, as required by D. Kan. 37.2. A review of the briefing and attached exhibits indicates counsel communicated via email and telephone multiple times to attempt to resolve their discovery disputes.[17] As such, the court is satisfied counsel have adequately conferred.

Analysis

Rule 26(b) of the Federal Rules of Civil Procedure states that the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or

---

[13] ECF No. 115.

[14] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) ("When ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel.").

[15] ECF No. 110.

[16] ECF No. 126.

[17] ECF No. 97.

defenses and proportional to the needs of the case."[18] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[19] Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'"[20] As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[21] With this standard in mind, the court turns to the discovery requests at issue in plaintiff's motion.

<u>Scope of Interrogatories</u>

The court finds defendant's interrogatories are reasonable and proportional to the needs of the case. The interrogatories seek information supporting specific allegations related to the 2017 shooting death of Ms. Howard. Although courts generally find

---

[18] Fed. R. Civ. P. 26(b)(1). The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

[19] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[20] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[21] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

interrogatories seeking a narrative account of a party's case objectionable, interrogatories may properly ask for the principal or material facts supporting an allegation of defense.[22] Interrogatories, even those that ask for "each and every" fact, are not unduly burdensome or overly broad if they are narrow in scope and do not seek every conceivable detail and fact concerning the entire case.[23]

Although the court notes initial disclosures pursuant to Fed. R. Civ. P. 26(a) should hopefully reduce the need for redundant interrogatories about the same subject matter, the court also recognizes that the disclosures may not indicate whether particular people or information support specific contentions.[24] That is the case here. The interrogatories seek discoverable information and are narrowly tailored so as not to be unduly burdensome.

Plaintiff's Answers

Each of the eight interrogatories at issue seeks material facts supporting one of plaintiff's claims, as well as the identity of each individual who can testify about those

---

[22] *Brown*, 2018 WL 263238, at *5; *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007); *Allianz Ins. Co. v. Surface Specialties, Inc.,* No. 03–2470–CM–DJW, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005).

[23] *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 2192860, at *2 (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619 (D. Kan. 2005) (finding an interrogatory asking for each and every element of a product's design the plaintiffs contended was defective, asking the plaintiffs to identify how it was defective, and asking the manner in which their injuries were caused by each alleged defect to be sufficiently narrow)).

[24] See, e.g., *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 503 (D. Kan. 2006) (finding, although interrogatories appeared to seek information provided in initial disclosures, the information in the disclosures did not indicate specific information to answer the questions asked in the interrogatories).

facts. Defendant concedes plaintiff has provided this information in his third supplemental answers.[25]

But plaintiff's answers conspicuously do not set forth the material facts supporting his claims. In all eight supplemental answers, plaintiff cites a block of time-stamped clips from what he refers to as the "KC Star Full Video" and "KC Compilation Video," while providing some narrative exposition about the clips.[26] Plaintiff contends he has previously provided the videos, which defendant does not dispute.[27]

Defendant asserts it is unclear what facts plaintiff knew and relied upon in making his allegations against defendants Chaulk, Sparks, and Denton[28] and the respective claims against them.[29] The mere recitation of time-stamped clips – which is largely an identical recitation for each interrogatory – does not constitute a complete answer tailored to each interrogatory. Even if the clips are somewhat responsive, they still fail to offer context or provide a meaningful answer to the interrogatories that defendant can understand. The

---

[25] ECF No. 97 at 5.

[26] ECF No. 126-1.

[27] *Id.*

[28] The court disagrees with defendant that plaintiff's interrogatories are deficient by failing to explain the basis for his allegations against Denton. As explained in the court's order granting plaintiff's motion to substitute Deputy Sheriff Clinton Peterson for Denton (ECF No. 99), plaintiff and plaintiff's counsel were reasonably mistaken as to the correct defendant. The court construes plaintiff's discovery responses referring to Denton as supporting his claims against Peterson. Now that the court has entered its order substituting Peterson, the parties shall proceed with discovery using the correct defendants' names.

[29] ECF No. 126.

8

result is what appears to be shorthand, not a coherent answer to the interrogatives. Defendant (and the court, frankly) is unable to glean many of the sources of these statements, how they're responsive to the specific interrogatory, or how they fit in plaintiff's larger case. Each defendant is entitled to know the specific allegations against him or her, and plaintiff's supplemental answers fail to provide that information.

The court, supporting the approach to "bring this cat and mouse game to a screeching halt,"[30] requires plaintiff to answer the interrogatories in full. That includes answering the interrogatories in complete sentences and including only the facts responsive for the particular defendant(s) referred to in each interrogatory, rather than citing the same block of clips repeatedly without any context.

Sanctions

Although defendant does not ask the court to impose sanctions on plaintiff, under Rule 37(a)(5)(A), the award of fees and expenses is mandatory, unless certain exceptions apply. Nothing in the record suggests monetary sanctions are unjust under these circumstances. Plaintiff's counsel is directed to confer with defense counsel in an attempt to agree on an appropriate fee award. If such an agreement can be reached, then the parties shall jointly file a notice confirming for the court that's the case; otherwise, plaintiff's

---

[30] *Pepsi-Cola Bottling Co. of Pittsburg v. Bottling Grp., L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *1–2 (D. Kan. Jan. 28, 2008) (requiring the defendant to answer an interrogatory to "[p]rovide the specific factual basis, including identifying any relevant documents or witnesses, for each and every affirmative defense you have alleged," as well as a corresponding request for production of documents, but limiting the scope as to the "material or principal facts" to support its defenses).

9

O:\ORDERS\18-2703-CM-97.DOCX

counsel has until **January 30, 2020** to show cause why monetary sanctions should not be imposed. By the same deadline, defendant shall file a fee affidavit with supporting detailed time sheets. Plaintiff then has until **February 3, 2020** to file anything challenging those fee claims.

IT IS THEREFORE ORDERED that defendant's motion is granted. By **January 30, 2020,** plaintiff shall supplement his answers to Interrogatory Nos. 8, 9, 10, 11, 12, 15, 16, and 17.

IT IS SO ORDERED.

Dated January 16, 2020, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

10

O:\ORDERS\18-2703-CM-97.DOCX