UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

    Plaintiff,

v.                                              Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

    Defendants.

## ORDER

On January 16, 2020, the undersigned U.S. Magistrate Judge, James P. O'Hara, granted the motion of the Olathe defendants to compel discovery (ECF No. 130). The court ordered the plaintiff, Mark Arnold, to answer four contention interrogatories seeking materials facts supporting his claims, as well as the identities of the individuals who can testify about those facts.

Defendants requested sanctions in their motion to compel.[1] Fed. R. Civ. P. 37(a)(5)(A) governs expenses and sanctions in connection with motions to compel:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

---

[1] ECF No. 92.

The court ordered the parties to confer to attempt to agree on an appropriate fee award, and if they could not agree, plaintiff's counsel was instructed to file a response to the order to show cause why monetary sanctions should not be imposed. Plaintiff filed his response on January 30, 2020.[2] Defense counsel, Michael Seck, filed a fee affidavit and time sheet, indicating the fees incurred in filing the motion to compel.[3] Plaintiff did not file any challenge to the fee claim.

Defense counsel's affidavit states that defendants incurred $1,501.50 in fees associated with the motion to compel.[4] Rule 37(a)(5)(A) states that a court must not order a payment of fees and expenses if "the opposing party's nondisclosure, response or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."

In plaintiff's response to the order to show cause, he outlines the history of the parties' communication regarding the discovery at issue.[5] Plaintiff argues defendants failed to sufficiently confer with plaintiff before filing the motion to compel. The court disagrees. Defendants conferred with plaintiff by telephone and at least twice by letter, specifically requesting that plaintiff identify the specific source of the facts he alleges in

---

[2] ECF No. 136.

[3] ECF No. 143.

[4] ECF No. 143-1.

[5] ECF No. 136.

2

his complaint.[6] The court finds defendants satisfied their duty to confer before filing the motion to compel.

Plaintiff then argues sanctions are unjust for several reasons. First, he represents he did produce the videos referred to as the "KC Star full video" and "Compilation Video" in his Rule 26(a)(1) initial disclosures, which defendants have not disputed. Based on the current record, the court is satisfied plaintiff appropriately disclosed the two videos. But the court is not persuaded by plaintiff's argument that defendants' prior misrepresentation caused plaintiff's responses to become substantially justified.[7] That is, even if defendants did have copies of the videos and misrepresented that fact to the court, it does not negate plaintiff's failure to fully respond to the interrogatories, as outlined in the court's order (ECF No. 130).

Notwithstanding the improvement between his first and second supplemental answers, plaintiff's answers remained deficient when defendants filed their motion to compel. Plaintiff continued to cite video clips in shorthand, with minimal description or context, rather than state the facts in complete sentences and with specificity, as requested by the interrogatories. That strategy caused defendants to spend the time and money to bring the motion to compel and is the basis for the award of fees. Plaintiff's argument that this would have been avoided had defense counsel "communicated more clearly to

---

[6] *Id.*

[7] *Id.*

3

plaintiff,"[8] is unpersuasive to the court.

Likewise, the court is not persuaded by plaintiff's reference to the policies and procedures defendants apparently failed to produce in their Rule 26 disclosures.[9] There is no evidence plaintiff previously attempted to obtain that information, beyond what is raised for the first time in his response to the show cause order, and that issue is not before the court today. Plaintiff is free to seek additional relevant discovery and entitled to file a motion to compel if he is unable to obtain that discovery after reasonable efforts.

The court has reviewed defense counsel's fee entries. The entries appropriately describe the time spent analyzing and responding to plaintiff's responses and objections, conferring with plaintiff's counsel, and conferring with co-counsel regarding the motion to compel. The court finds the time entries, as well as counsel's rates, to be reasonable. The court therefore awards defendants $1,501.50 in fees incurred in filing their motion to compel (ECF No. 92). Plaintiff shall pay in full by **March 9, 2020**, and shall file a notice of compliance by the same date.

IT IS SO ORDERED.

Dated this February 6, 2020, at Kansas City, Kansas.

s/James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[8] *Id.*

[9] *Id.*

4

O:\ORDERS\18-2703-CM-130 SANCTIONS.DOCX