UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

    Plaintiff,

v.                                          Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

    Defendants.

## ORDER

On January 16, 2020, the undersigned U.S. Magistrate Judge, James P. O'Hara, granted the motion of the defendant, Calvin Hayden, to compel discovery (ECF No. 131). The court ordered the plaintiff, Mark Arnold, to answer eight contention interrogatories seeking facts supporting his claims and identification of documents supporting those facts.

Although defendant did not request sanctions in his motion, Fed. R. Civ. P. 37(a)(5)(A) governs expenses and sanctions in connection with motions to compel:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The court ordered the parties to confer to attempt to agree on an appropriate fee award, and if they could not agree, plaintiff's counsel was instructed to file a response to

the order to show cause why monetary sanctions should not be imposed.[1] Plaintiff's counsel filed his response on January 30, 2020.[2] Defense counsel, Kirk Ridgway, filed a fee affidavit and time sheet, indicating the fees incurred in filing the motion to compel.[3] Plaintiff did not file any challenge to the fee claim.

Defense counsel's affidavit states that defendant incurred $2,585.00 in fees associated with the motion to compel.[4] Rule 37(a)(5)(A) states that a court must not order a payment of fees and expenses if "the opposing party's nondisclosure, response or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."

In plaintiff's response to the order to show cause, he outlines the history of the parties' communication regarding the discovery at issue.[5] Plaintiff argues defendant failed to sufficiently confer with plaintiff before filing his motion to compel. Upon reviewing the record, the court disagrees. Defendant conferred with plaintiff by letter and telephone before filing his motion.[6] Although plaintiff argues defendant should have conferred again

---

[1] ECF No. 131.

[2] ECF No. 137.

[3] ECF No. 135.

[4] ECF No. 135-1.

[5] ECF No. 137.

[6] *Id.*

2

between plaintiff serving his first, second, and third supplemental answers, the court finds defendant satisfied his duty to confer.

Plaintiff further argues his interrogatory answers, comprised exclusively of time-stamped transcription cites to two videos, were justified and there is a "reasonable difference in opinion" as to whether they were fully responsive.[7] Plaintiff cites his multiple supplemental responses and continued willingness to engage with defense counsel to argue expenses are unjust.[8] The court does not challenge plaintiff's participation or cooperation in the conferral process. But, as outlined in defendant's motion to compel and the court's subsequent order, plaintiff's answers, even after multiple supplemental filings, still failed to fully respond to the interrogatories in a way that was clear to defendant and the court.[9] Plaintiff continued to cite video clips in shorthand, with minimal description or context, rather than answer the interrogatories in complete sentences with specific allegations as to each defendant. That strategy caused defendant to spend the time and money to bring the motion to compel and is the basis for the award of fees.

The court has reviewed defense counsel's fee entries. The entries appropriately describe the time spent analyzing and responding to plaintiff's responses and objections and conferring with plaintiff's counsel. The court finds the time entries, as well as

---

[7] *Id.*

[8] *Id.*

[9] ECF No. 131.

counsel's rates, to be reasonable.  The court therefore awards defendant $2,585.00 in fees incurred in filing his motion to compel (ECF No. 97).  Plaintiff shall pay in full by **March 9, 2020**, and shall file a notice of compliance by the same date.

IT IS SO ORDERED.

Dated this February 6, 2020, at Kansas City, Kansas.

s/James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge