# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK ARNOLD,

     Plaintiff,

     v.                          Case No. 18-2703-CM

CITY OF OLATHE, KANSAS, et al.,

     Defendants.

## **ORDER**

    This case arises out of the shooting death of Ciara Howard by law-enforcement officers serving an arrest warrant. The special administrator of Ms. Howard's estate, Mark Arnold, brings 42 U.S.C. § 1983 excessive-force claims and state-law tort claims for assault/battery and survival/wrongful death against two sets of defendants: those associated with the Olathe Police Department (the "Olathe defendants") and those associated with the Johnson County Sheriff's Office (the "Johnson County defendants"). Plaintiff has filed a motion to compel the Johnson County defendants to provide officer personnel files in response to plaintiff's request for production of documents (ECF No. 162). Under the liberal discovery standards and the protective order in this case, the motion is granted.

    On January 6, 2020, plaintiff served the Johnson County defendants with his first requests for production of documents. The parties extensively conferred about a number of requests, and only Request No. 8 remains at issue. Request No. 8, as subsequently narrowed by plaintiff, seeks the personnel file—specifically, the pre-employment

background file, termination documents, Professional Standards Unit ("PSU") records, and training records—for each of the Johnson County defendants. The Johnson County defendants argue the motion should be denied as moot because they have agreed to allow plaintiff's counsel to inspect the requested files at defense counsel's office and thereafter will consider any request for production of the documents. In reply, plaintiff argues the motion is not moot because Request No. 8 sought production, not simply inspection, of the files.[1]

The court discussed the broad standards for discovery in an earlier order.[2] Rule 26(b) of the Federal Rules of Civil Procedure states that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case." "[A] request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."[3] If discovery is relevant on its face, the party opposing discovery bears the burden of supporting its objection.[4]

---

[1] The Johnson County defendants have moved for leave to file a sur-reply (ECF No. 172). Because the court does not find plaintiff's reply sets forth "new" evidence or arguments of the type mandating deviation from the court's usual prohibition on sur-replies, the motion is denied. *See Radiologix, Inc. v. Radiology and Nuclear Med., LLC*, No. 15-4927, 2017 WL 1437300, at *5 (D. Kan. April 24, 2017) ("Surreplies are disfavored and typically not allowed.").

[2] *See* ECF No. 130 at 4-5.

[3] *Finley v. City of Colby, Kan.*, No. 17-1215, 2019 WL 2342975, at *1 (D. Kan. June 3, 2019) (internal quotation and citation omitted).

[4] *Id.*

The Johnson County defendants give some lip service to the broad discovery standards, stating, "considering the scope of relevance in pretrial discovery, and to prevent the appearance of hiding documents, [defense counsel] agreed to permit review of all officers' background files Plaintiff was seeking."[5]  Defendants thus concede their pre-employment background files are facially relevant (and the court agrees given the files could be related to defendants' alleged use of excessive force), but ultimately, defendants refused to produce the files.  Rather, stating that the files contain highly personal and confidential information, the Johnson County defendants have agreed only to allow plaintiff's counsel to inspect the records.  Then, "if Plaintiff believed certain documents were relevant or important to their case, Defendants would *consider* production of those records at that time."[6]

The Johnson County defendants have failed to support their objections to producing discovery.  They have not demonstrated the background files are irrelevant, and their confidentiality concerns (which are broadly asserted in conclusory fashion) ignore that the agreed protective order in this case should be more than adequate to protect their privacy interests.  Indeed, defendants specifically requested entry of the protective order "because they anticipate producing . . . personnel files of parties."[7]  They "acknowledge[d] that th[e]

---

[5] ECF No. 167 at 7.

[6] ECF No. 167 at 9 (emphasis added).

[7] ECF No. 70 at 1.

Order is being entered . . . for the purpose of facilitating discovery and protecting information . . . which Defendants contend in good faith is sensitive, private information of named parties to this action."[8]  In response to plaintiff's motion to compel production of the personnel files, the Johnson County defendants have not explained why the allegedly "highly personal and confidential" information they contend is present in the personnel files is not the exact type of information they contemplated when seeking the protective order.

Finally, the Johnson County defendants' argument that they have satisfied their discovery obligations by agreeing to allow inspection of the personnel files is misplaced. Although it is true that Fed. R. Civ. P. 34 permits a party to respond to a document request by permitting inspection of the document, it is also true that upon inspection at defense counsel's office, plaintiff's counsel could ask for everything inspected to be copied.  Given the current state of the COVID-19 pandemic and the corresponding legal restrictions on gatherings and public travel,[9] the court finds practical accommodations must be made to ensure plaintiff obtains the documents to which he is entitled.  Therefore, the court below orders the Johnson County defendants to produce copies of responsive documents.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is granted. Expressly subject to the protective order entered in this case, the Johnson County

---

[8] *Id.* at 5.

[9] *See, e.g.,* Standing Administrative Orders 2020-2 through 2020-5.

defendants are ordered to copy and deliver to plaintiff's counsel, within five business days, all pre-employment background files, PSU records, and training records for defendants Peterson, Chaulk, Hayden, and Sparks.[10]  Defendants' production should be accompanied by an itemized copying bill at $0.20/page, which plaintiff must pay within five business days.

Dated April 14, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[10] Although Request No. 8 also sought the portion of defendants' personnel files that included termination documents, defendants represent no such documents exist because each of the Johnson County defendants is currently employed with the Johnson County Sheriff's Office.  *See* ECF No. 167 at 4.